## 8564. STOKES *v.* WRIGHT.

1. "When a transaction partakes of the nature both of a tort and a contract, the party complaining may waive the one and rely solely upon the other." Civil Code (1910), § 4407.

2. When a person has two or more conflicting and inconsistent remedies for the same wrong, his election and actual prosecution of the one to a favorable or an adverse decision is a bar to the others.

3. In the case of conflicting and inconsistent remedies, the remedies are not concurrent, and where a choice between them is once made, with knowledge of all the facts, the right to follow the other is forever gone.

4. Owing to the nature of the relation between a physician and a patient, the latter, in the case of malpractice by the former, ordinarily has a

choice of remedies, and may sue the physician either in contract or in tort. If he elects to sue in tort, and actually commences and prosecutes his action to a final adverse decision, his right to sue as for a breach of the contract, or a breach of the duty imposed by law, by reason of the defendant's calling and the relation between the parties, is lost. And .this is true although at the time of the commencement of the action for the tort it was barred by the statute of limitations. The election to sue in tort and the prosecution of such suit to final 'judgment relates back to· the original transaction out of which the action arose, and constitutes an irrevocable election between remedies as they then existed on the part of the patient.

DECIDED JUNE 18, 1917.

Complaint; from Richmond superior court—Judge Henry C. Hammond. February 17, 1917.

*D. T. Roughton, A. R. Williamson,* for plaintiff.

*Callaway & Howard,* for defendant.

GEORGE, J. This is the second suit brought by the plaintiff against the defendant, a practicing physician and surgeon, to recover damages for alleged negligence in an operation performed by defendant on plaintiff. The first suit was filed to the January term, 1916, of the superior court of Richmond county, and was an action in tort, claiming damages for the alleged negligence of the physician in performing an operation upon the plaintiff on November 25, 1913. By demurrer the defendant raised the question of the statute of limitations, and the plaintiff's right to recover was challenged on the ground that the petition set forth no cause of action. Upon the hearing of this demurrer, on June 5, 1916, the court passed the following. order: "Demurrer sustained and petition dismissed." There was no exception to this ruling, but instead the plaintiff filed the present suit to the September term, 1916, alleging the same facts as his cause of action, but claiming damages for the breach of the implied contract between plaintiff and defendant, which resulted from the alleged negligent operation. By amendment the plaintiff attached to his present suit a copy of the former suit, the defendant's demurrer thereto, and the court's decision thereon. The defendant filed his demurrer to the petition as amended, and for cause of demurrer set out that the decision on the demurrer in the former case was res adjudicata as to the plaintiff's cause of action; that the plaintiff, having elected in the first action to sue on the alleged tort, is now bound by that election, and, his cause of action therefor being barred, he can not

now prosecute his action for the alleged breach of contract. The demurrer was sustained.

The court had jurisdiction of the parties and of the subject-matter involved in the first suit. The defendant demurred generally, and also upon the special ground that the alleged cause of action, if any existed, was barred by the statute of limitations. In the view which we have taken of the question, it is not so much a matter of res adjudicata, but an election of remedy. The plaintiff had the right to bring his action in tort, or for the breach of duty arising out of the contract of employment, express or implied. It is settled law that one may pursue any number of concurrent and consistent remedies, but, as between conflicting and inconsistent remedies, he must elect. He will not be permitted, after the choice of one of several inconsistent and conflicting remedies, which he might originally have pursued at his option, to change his position and take a course wholly inconsistent with the remedy which he first selected. When he elected to sue in tort and actually commenced his action for the tort, and prosecuted it to an adverse decision, his right to sue on the contract was lost. Under the decision of the Supreme Court in *Board of Education* v. *Day*, 128 *Ga.* 167 (57 S. E. 359), the election to sue in tort, evidenced by the commencement of his suit, would seem to bar his right to proceed subsequently on the contract. Certainly the prosecution of the action for the tort to final decision by a court of competent jurisdiction will bar his right thereafter to declare upon the contract. It is of no avail that the statute of limitations had already barred the action in tort at the time of the filing of the plaintiff's first suit. His election to sue in tort relates back to the original wrong, and to his rights as they then existed. The court properly sustained the demurrer to the present suit. Compare *Brunswick Co.* v. *Dart*, 93 *Ga.* 747 (2), 749 (20 S. E. 631); *Rowe* v. *Sam Weichselbaum Co.*, 3 *Ga. App.* 504 (60 S. E. 275); *Padgett* v. *Ford*, 117 *Ga.* 510 (43 S. E. 1002); *Kennedy* v. *Manry*, 6 *Ga. App.* 816 (66 S. E. 29); *Board of Education* v. *Day*, supra; *Blalock* v. *Phillips*, 38 *Ga.* 221; 1 Corpus Juris, 1030, 1039, 1040; *Hartland v. Hackett*, 57 Vt. 96; *Goss v. Mather*, 46 N. Y. 689; *Hooker v. Hubbard*, 97 Mass. 177; *Washburn v. Great Western Ins. Co.*, 113 Mass. 1764.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*