## 22452. SCOTT *v.* SIMPSON *et al.*

SUTTON, J. 1. Ordinarily an action against a physician for failing to treat a patient with ordinary care and skill is one sounding in tort, and is properly brought under section 4427 of the Civil Code of 1910. However, it has been held in a case decided by this court that where a patient is injured by the failure of a physician to use reasonable care and skill in treating him, he has the right to bring an action in tort, or ex contractu for a breach of duty arising out of the contract of employment, express or implied. *Stokes* v. *Wright,* 20 *Ga. App.* 325 (93 S. E. 27).

2. Whenever a physician undertakes to treat a patient, an implied contract arises that the physician possesses the necessary ordinary skill and experience possessed by those who practice the profession, and that he will use such ordinary care and skill in treating the patient; and likewise an implied promise or obligation arises that such patient will compensate the physician in a reasonable sum for such services.

3. For a breach of such a contract by the physician an action will lie ex contractu in favor of the patient, and the measure of damages will be such damages as naturally flow from such breach. Whether or not in the instant case the damages sued for—damages for future decrease of earning capacity—would be appropriate to an action ex contractu, it is not necessary to determine under the rulings made in this case. See 17 C. J. 752, § 85. For a failure of the patient to compensate the physician for his services in performing the contract, an action will lie in favor of the physician for his compensation.

4. In the instant case, however, the patient was a married woman living with her husband. Under the law the husband was bound to furnish the wife with necessaries, and it has been held that medical attention is a necessary and that the husband is bound to furnish and pay for the same. *Yellow Cab Co.* v. *Lampkin*, 40 *Ga. App.* 553 (150 S. E. 435). Therefore, when the defendants in this case undertook to treat the plaintiff wife, an implied obligation arose that they possessed the ordinary skill and experience of others in their profession and that they would treat her with ordinary care and skill, and an implied obligation arose that they would be compensated for their services. The plaintiff being a married woman, living with her husband, when these physicians undertook to treat her, an implied obligation arose that they would do so properly, and an implied obligation arose that her husband would compensate them therefor, there being no express contract by the wife that she would compensate them for their services. In these circumstances we think the implied contract in this case was between the physicians and the husband of the plaintiff, and that a suit for a breach thereof was not maintainable by the wife. See Dashiell *v.* Griffith, 84 Md. 363 (3) (35 Atl. 1094).

6. The fact that the wife earned her own living and that her husband had consented that she should have her earnings does not render such an action maintainable by the wife. Where the husband agrees for the wife to retain her earnings, she is entitled to them as her separate estate. *Roberts* v. *Haines*, 112 *Ga.* 842 (38 S. E. 109). The fact that the husband consented for the wife to have her earnings would not change his duty to furnish her with medical aid and render him not liable therefor. The husband remains primarily liable, in the absence of an express agreement on the wife's part to pay for such necessary, or the facts clearly show an assumption of individual liability on the wife's part, exclusive of that of her husband. *Bell* v. *Rossignol*, 143 *Ga.* 150 (84 S. E. 542, L. R. A. 1915D, 1184, Ann. Cas. 1917C, 576); *Rushing* v. *Clancy*, 92 *Ga.* 769 (19 S. E. 711); *Freeman* v. *Holmes*, 62 *Ga.* 556; *Oliver* v. *Webb*, 12 *Ga. App.* 216 (76 S. E. 1081); 30 C. J. 919, § 621.

7. It necessarily follows from the principles announced above that the court below properly sustained the demurrer to the petition and dismissed the same.

*Judgment affirmed.* *Jenkins, P. J., and Guerry, J., concur.*

DECIDED FEBRUARY 18, 1933.

*B. J. Stevens, J. B. & T. R. Burnside,* for plaintiff.
*Earle Norman, W. A. Slaton,* for defendants.