22228. FLEMING v. ROSS L. BROWN GRANITE
COMPANY, INC. et al.

ARGUED OCTOBER 14, 1963—DECIDED NOVEMBER 12, 1963.

*Joseph B. McGinty*, for plaintiff in error.

*Smith, Swift, Currie, McGhee & Hancock, Heard & Leverett*, contra.

HEAD, Presiding Justice. A pleader is required to plainly, fully, and distinctly set forth his cause of action. *Code* § 81-101. "It is an elementary rule of construction, as applied to a pleading, that it is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties." *Krueger v. MacDougald*, 148 Ga. 429 (96 SE 867); *Bowman v. Chapman*, 179 Ga. 49 (175 SE 241); *County Bd. of Educ. of Wilcox County v. Board of Commissioners &c. of Wilcox County*, 201 Ga. 815, 819 (41 SE2d 398); *Brewton v. McLeod*, 216 Ga. 686, 695 (119 SE2d 105).

The petition in the present case fails to allege any connection between the injury on February 15, 1957, to the petitioner's left eye, resulting in the loss of sight in this eye on February 17, 1957, and the loss of vision in his right eye on February 24, 1957. It is alleged only that "petitioner's right eye went out suddenly, and quickly, as if some one had turned off an electric light bulb," and that this loss of vision "was a sudden happening or event." There being no averment in the petition of any connection between the injury to the petitioner's left eye and the loss of vision in his right eye, the petition fails to show any right of recovery in excess of that awarded and paid.

"Exhibit A" attached to the petition is an agreement for the payment of compensation by the employer and its insurance

carrier with the petitioner, "until terminated in accordance with the provisions of the Workmen's Compensation Law." This agreement was approved by the State Board of Workmen's Compensation on March 12, 1957. "Exhibit B" is an agreement between the parties for the payment to the petitioner of compensation for "100% loss of use of left eye" for a period of 119 weeks. It is apparently this agreement that the petitioner seeks to have "set aside and adjudicated void due to the fraud practiced on the Board." "Exhibit B" appears to have been executed by the petitioner and to have been witnessed by two witnesses. It is nowhere alleged in the petition that the petitioner was not fully advised that the agreement for the payment of compensation was for the injury to his left eye only and that payment would be made for 119 weeks. As to any lack of knowledge on the petitioner's part, it is alleged only that he "did not know anything about the writing attached hereto and identified as 'Exhibit C' until the month of December, 1962." An agreement providing for compensation under the Workmen's Compensation Act for a specific injury, in the absence of fraud, accident, or mistake, is binding on the parties. *Liberty Mut. Ins. Co. v. Morgan*, 199 Ga. 179, 181 (33 SE2d 336). Since no lack of knowledge is alleged by the petitioner as to the agreement for the payment of compensation for 119 weeks, nor that any fraud was practiced upon him to procure his approval of this agreement, he fails to show that he is entitled to any relief from his voluntary act.

Attached to the petition as "Exhibit D" is a compensation settlement receipt (purportedly executed by the petitioner) wherein he acknowledged receipt of $3,096 "in final settlement and satisfaction of all claims for compensation" by reason of "injuries suffered by Robert Fleming on or about the 15th day of February 1957, while in the employ of Ross L. Brown Granite Company." As to this final receipt, the petitioner does not allege fraud, accident, or mistake, or that this final receipt is for any reason otherwise invalid, and until it is set aside, the petitioner is bound by his final receipt. *Cardin v. Riegel Textile Corp.*, 217 Ga. 797 (125 SE2d 62).

Counsel for the defendants have insisted that the petitioner did not exercise any degree of diligence to discover the alleged

fraudulent document attached as "Exhibit C" and that his action is barred by the statute of limitation. If a plaintiff has been debarred or deterred in bringing his action by the fraud of the defendant, the statute of limitation will run only from the discovery of the fraud. *Code* § 3-807. "Mere ignorance of fraud which might have been discovered in due time by ordinary diligence will not suspend the statute." *Brinsfield v. Robbins,* 183 Ga. 258 (188 SE 7). The petition alleges only that the petitioner "did not know" of the alleged fraudulent document ("Exhibit C").

The trial judge did not err in sustaining the defendants' general demurrers.

*Judgment affirmed. All the Justices concur.*