**Dusan OSTOJIC, Plaintiff-Appellant,**

**v.**

**Dr. F. Robert BRUECKMANN, Defendant-Appellee,**

**Dr. Anthony R. Lasich and Dr. R. L. Campbell, Defendants.**

**No. 16516.**

United States Court of Appeals Seventh Circuit.

Dec. 19, 1968.

James A. Briggs, Richard P. Tinkham, Jr., James K. Sommer, David A.

Steckbeck, Indianapolis, Ind., for plaintiff-appellant; Briggs, Sommer & Tinkham, Indianapolis, Ind., of counsel.

Henry E. Bradshaw, Robert J. Shula, Indianapolis, Ind., Grace M. Curry, Indianapolis, Ind., for defendant-appellee; Bingham, Summers, Welsh & Spilman, Indianapolis, Ind., of counsel.

Before HASTINGS, Circuit Judge, KNOCH, Senior Circuit Judge, and SWYGERT, Circuit Judge.

KNOCH, Senior Circuit Judge.

The plaintiff-appellant, Dusan Ostojic, brought action in the United States District Court against three physicians, Dr. F. Robert Brueckmann, Dr. Anthony R. Lasich and Dr. R. L. Campbell, on a complaint of malpractice. Jurisdiction was based on diversity of citizenship.

The District Court initially denied and on reconsideration granted Dr. Brueckmann's motion for summary judgment based on the ground that the action as to him was barred by the statute of limitations. The District Judge's order stated that reconsideration was based on examination of the motion, the pleadings, deposition, affidavits and briefs on file, but did not otherwise set out the basis for his decision. This appeal followed an express determination that there was no just reason for delay and order for entry of final summary judgment in favor of Dr. Brueckmann. The cause remains pending in the District Court against the other two defendant-physicians.

The basic material facts with respect to Dr. Brueckmann are undisputed. Plaintiff was injured while at work, trying to lift a heavy box, on July 7, 1961. Early in October, 1961, he came under the care of Dr. Lasich of the Indianapolis Industrial Clinic. Shortly thereafter, on October 9, 1961, Dr. Lasich and Dr. Brueckmann, who was not associated with the clinic, removed a herniated disc at the Marion County General Hospital in Indianapolis.

In his deposition, the plaintiff stated that although both physicians told him

after the operation that the numbness of which he complained was caused by the anesthetic and would abate, the pain and numbness persisted and plaintiff continued to think there was something wrong about the operation, and eventually asked Dr. Lasich for a consultation with a nerve specialist. However, the last time that plaintiff saw Dr. Brueckmann professionally was at the Marion Hospital late in December 1961.

In May 1962, after examination by a Dr. Merrill (not a party to this action) plaintiff underwent surgery at the Methodist Hospital where a spinal fusion was performed by Dr. Lasich and Dr. Merrill. Subsequently there was a third operation by Dr. Campbell. In November 1963, plaintiff alleges he was advised by a Dr. J. Kaufman in Montreal, Canada, that he was the victim of negligence, and that he is now completely incapacitated and suffers constant pain.

On May 21, 1965, plaintiff brought this action, 43 months after the operation in which Dr. Brueckmann participated and 41 months after the doctor-patient relationship between them ended.

Both parties rely on Guy v. Schuldt, 1956, 236 Ind. 101, 138 N.E.2d 891. In that case Richard Guy brought action to recover damages for medical malpractice. A demurrer to the complaint was sustained on the ground that the claim was barred by Indiana's two-year statute of limitations, Acts 1941, ch. 116 § 1, p. 328, § 2–627, Burns 1946 Replacement, the same statute on which Dr. Brueckmann here relied. Mr. Guy refused to plead over and judgment was entered for the defendant-physicians.

The Indiana Supreme Court held that where there are exceptions to the statute of limitations, failure to allege affirmatively in anticipation that the action falls within an exception does not render the complaint fatally defective and subject to a demurrer. The Court stated that when the statute of limitations is pleaded in an answer, the plaintiff may then set up any exception by way of reply. The Court went on to discuss possible exceptions in response to the appellees' argument that there were none, specifically dealing with fraudulent concealment and holding that (p. 109, 138 N.E. 2d 891) where a fiduciary or confidential relationship exists, as between physician and patient, there is a duty to disclose material information between the parties and failure to do so results in concealment. Thus the Court concluded that in cases of fraud the action accrues when the plaintiff first learns of the wrong, where the fraud is of a continuous character and active concealment continues to exist. The Court held further that when the confidential relationship is terminated, the duty to inform is also terminated, concealment ceases to exist and the statute of limitations begins to run.

The judgment was reversed and the cause remanded with directions to overrule the demurrer. As the Court explained, appellant was entitled to plead by reply (if such facts existed) that the cause of action was fraudulently concealed and that the statute was tolled during such period, to answer a defense of the statute of limitations.

The majority of the Court evidently took no notice of the facts actually alleged in the complaint. The dissenting Judge observed that the complaint was silent as to any treatment from 1941 when one of the defendant-physicians was allegedly still treating the plaintiff and November 1952 when another physician discovered a foreign substance in the plaintiff's leg. Although the dissenting opinion was based primarily on the view that the statute left no room for modification by way of exceptions, it also stated that the complaint showed termination of the physician-patient relationship 10 years before suit was brought, negativing the very exception adopted by the majority.

The appellant here argues that the Indiana Court did not mean to limit the period of fraudulent concealment to the period of the physician-patient relationship, because the judgment was reversed

despite termination of that relationship some 10 years earlier.

The majority opinion, however, does not deal with this point. The majority reversed on the mere possibility that the plaintiff might plead fraudulent concealment in reply. The majority may well have believed it equally inequitable to require detailed allegations of subsequent treatment (after the alleged negligence) to forestall in anticipation a demurrer based on termination of the relationship.

The Fifth Circuit in Sheets v. Burman, 1963, 322 F.2d 277 interpreted Indiana law (as we do) as holding (p. 280) that the Indiana statute does not commence to run till there is knowledge of the act causing the damage or until the termination of the doctor-patient relationship.

■■■ Plaintiff argues that the concealment was not terminated in 1961 because Dr. Brueckmann operated on the plaintiff in company with Dr. Lasich who continued to treat him until October 1963. We cannot agree that this circumstance alters the termination of a physician-patient relationship with Dr. Brueckmann prior to 1962. Nor do we agree that Dr. Brueckmann was obliged to show that plaintiff ought to have made his discovery at some earlier time. We also find no error in the District Court's consideration of the contents of the deposition which was part of the record, and which supported the allegations of Dr. Brueckmann's affidavit as to the termination date of his treatment of the plaintiff. There is no real doubt here as to the material facts.

In oral argument plaintiff's counsel invited our attention to the recent case of Wilkinson v. Harrington, 1968, R.I., 243 A.2d 745, where the Court speaks (p. 753) of the modern trend toward the discovery rule and concludes that the discovery rule is preferable to the adoption of a strict construction of the statute of limitations.. In that case, the plaintiff had brought action in April 1962 on the basis of allegedly excessive radiation treatment administered to her during the period from July 1951 to January 1952. The Rhode Island Court held that the statute began to run in a medical malpractice suit from the time that the plaintiff discovered or in the exercise of due care should have discovered that she was the victim of the physicians' negligent conduct. However, the parties agree that this Court must follow Indiana state law. Slater v. Stoffel, 7 Cir., 1963, 313 F.2d 175, 177. We are satisfied that under Indiana law this action was barred as to Dr. Brueckmann. The judgment of the District Court is affirmed.

Affirmed.