**David Larry WOLFE, Plaintiff,**
**v.**
**E. J. VIRUSKY, M.D., Defendant.**
**CIV. A. NO. 664.**

United States District Court
S. D. Georgia.
Waycross Division.

Dec. 3, 1969.

Thomas M. Odom, Florence H. Dendy, Millen, Ga., B. B. Braden, Lake Geneva, Wis., for plaintiff.

S. F. Memory, Jr., Waycross, Ga., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

LAWRENCE, Chief Judge.

Plaintiff brings this malpractice suit against Dr. E. J. Virusky alleging that on April 6, 1966, the defendant agreed to perform and subsequently performed certain orthopedic surgery for plaintiff

who was suffering with broken bones and flesh wounds. It is charged that Virusky, although not competent to do such orthopedic surgery, held himself out as being qualified and as a result induced plaintiff to contract for and receive inadequate medical treatment which left him with permanent disabilities. Plaintiff further alleges that the defendant after negligently performing surgery and knowing it was incompetently performed, intentionally concealed the fact and thereby perpetrated a fraud which prevented plaintiff from obtaining further remedial treatment.

The action is brought in three counts and on two general theories. In Count I plaintiff specifically alleges an action *ex contractu* in "that defendant breached his contract with the plaintiff and plaintiff has suffered damages in the amount of $250,000 by reason thereof." Count II is based upon defendant's negligence and sounds *ex delicto*. Count III is based upon breach of warranty and therefore, like Count I, is brought in contract.

Defendant filed a motion for summary judgment submitting therewith his affidavit to the effect that his treatment of plaintiff terminated on January 1, 1967, and was never resumed after that date. Dr. Virusky contends that the present action was not filed until February 27, 1969, more than two years after the termination of medical treatment and is therefore barred by the two year statute of limitations applicable to tort actions. Ga.Code Title 3 § 1004. Defendant recognizes that the limitations period in contract actions is six years but apparently would rule out application of the statute to the case either by disregarding the expressly pleaded contract nature of the action or by construing the first and third counts as though they are in tort rather than contract.

■ Under Georgia law malpractice actions may be brought either in tort or in contract and where a physician undertakes to treat a patient, even where there is no express agreement, an implied contract arises and the doctor impliedly warrants that he possesses the requisite skill to perform the treatment undertaken and that he will exercise ordinary skill and care. Scott v. Simpson et al., 46 Ga.App. 479, 167 S.E. 920; Stokes v. Wright, 20 Ga.App. 325, 93 S.E. 27. This rule is recognized in other jurisdictions. Robins v. Finestone, 308 N.Y. 543, 127 N.E.2d 330; Kozan v. Comstock, 270 F.2d 839, 80 A.L.R.2d 310 (5 Cir.). There are exceptions; for example, where either the patient or physician is legally incapable of contracting. *Kozan, supra.* No such exceptions are alleged in the present action which is specifically brought in contract under Counts I and III. The two year limitations is not applicable and the contract action is not barred.

■ As to the tort phase, we are faced with a more difficult problem. The suit was filed more than two years after termination of treatment and ordinarily would be barred by the statute of limitations applicable to torts. Ga. Code Title 3 § 1004. Under Georgia law, mere failure of the patient to discover the existing condition or to be aware of his cause of action does not toll the statute. Kuniansky v. D. H. Overmyer Warehouse Co., 406 F.2d 818 (5 Cir.); Wellston Co. v. Sam N. Hodges, Jr. and Co., 114 Ga.App. 424, 151 S.E.2d 481. A recognized exception is where because of defendant's moral fraud plaintiff does not learn of the cause of action within the statutory time. Such fraud tolls the statute. Ga.Code Title 3 § 807. Nicolson v. Citizens & Southern National Bank, 50 F.Supp. 92 (D.C.); Silvertooth v. Shallenberger, 49 Ga.App. 133, 174 S.E. 365; Commonwealth Investment Co. v. Frye, 219 Ga. 498, 134 S.E.2d 39. Plaintiff has alleged as much but defendant argues that although the fraud exception may have been initially applicable as soon as the patient-physician relationship terminated the patient was no longer subjected to the doctor's influence and that the statute began to

run notwithstanding the fact that the patient did not know or could not have been expected to know of the fraud.

In support of this proposition defendant cites Ostojic v. Brueckmann, 405 F.2d 302. There the Court of Appeals for the Seventh Circuit so interpreted the law of Indiana. I do not find other support for this proposition which would theoretically permit a physician to conceal his mistake or fault by explaining to the patient that certain undesirable symptoms could be expected to continue in excess of two years and then by discharging the patient from his care cause the statute to begin running. A patient, accepting the explanation, might then live with his condition for a period beyond the statute and be barred from instituting a malpractice action upon subsequently learning of the fraud.

 Under Georgia law, in order for fraud to toll the statute, it must have the effect of deterring a plaintiff from bringing his action, Ponder v. Barrett, 46 Ga.App. 757, 169 S.E. 257; Silvertooth v. Shallenberger, 49 Ga.App. 133, 174 S.E. 365, *supra*; Carnes v. Bank of Jonesboro, 58 Ga.App. 193, 198 S.E. 338, affirmed 187 Ga. 795, 2 S.E.2d 495, 130 A.L.R. 1; and to do so must be a continuing fraud. Lowe v. Presley, 86 Ga. App. 328, 71 S.E.2d 730; Kirkley v. Sharp, 98 Ga. 484, 25 S.E. 562. Under the hypothetical situation stated above an initial fraudulent concealment of facts may continue to be effective and may continue to deter the bringing of an action until long after the parties have terminated the physician-patient relation.[1] For this reason I reject the *Ostojic* rule as inapplicable in Georgia, predicting that such is what the courts of this State would do under the circumstances in a like case. The more logical approach in cases where fraud is claimed to toll the statute of limitations is that it commences to run when the patient either learns of the fraudulently concealed fact or in the exercise of diligence should have become aware thereof. Perkins v. First National Bank of Atlanta, 221 Ga. 82, 143 S.E.2d 474; Quinn v. Forsyth, 116 Ga.App. 611, 158 S.E.2d 686; Fleming v. Ross L. Brown Granite Co., 219 Ga. 453, 133 S.E.2d 852; Brown v. Brown, 209 Ga. 620, 75 S.E.2d 13; Warnock v. Warnock, 206 Ga. 548, 57 S.E.2d 571. Whether or not under the facts in this case plaintiff knew or should have known of the doctor's alleged negligence is a question for the jury and cannot be resolved on motion for summary judgment.

Defendant's motion is therefore denied.

---

1. Plaintiff cites Saffold v. Scarborough, 91 Ga.App. 628, 86 S.E.2d 649 as an example of a case where a malpractice suit was not barred even though filed more than two years after termination of the patient-physician relationship. Plaintiff has misread the facts in this case which show that treatment by the doctor was continued until August 1, 1952 and that the case was argued on demurrer on November 12, 1954, only 27 months later. There is no indication as to when the case was actually filed but presumably it was not argued within three months after filing and consequently, must have been brought within the two year period. (The case was actually filed on March 17, 1954, less than 20 months after termination of treatment.)