## 53409. MATTAIR v. ST. JOSEPH'S HOSPITAL, INC. et al.

SHULMAN, Judge.

While a patient in the hospital, plaintiff was injured when her hospital bed jackknifed and collapsed after she was told by an attendant to press the button to lower her bed. This occurred on August 7, 1972, and plaintiff filed suit on August 21, 1975, some three years and fourteen days after the occurrence. Defendant filed an answer and a motion to dismiss based upon the statute of limitation. Plaintiff subsequently amended her complaint three times in order to set up a claim for breach of contract against the hospital. The trial court sustained defendant's motion to dismiss, in effect holding that the two-year statute for tort governed the matter. Defendant appeals to this court. *Held:*

Georgia law, since the time of *Ellison v. Ga. R. &c. Co.*, 87 Ga. 691 (13 SE 809), has upheld the lenient right of amendment in this state "as a resource against waste." This reasoning has continued right through the Civil Practice Act. Code Ann. § 81A-115 provides further that an amendment relates back in time to the original pleading. Code § 81A-115 (c). Therefore, the issue before this court is whether the complaint as amended is barred by the two-year statute of limitation for personal injuries or the four or six-year statute involving contract actions. Since this complaint was brought before the expiration of four years from the happening, it is not necessary to consider whether the four or six-year contract statute applies.

This precise question does not appear to have arisen in Georgia previously. We must, therefore, rely on somewhat similar situations. It has been established that "a plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them." Code Ann. § 3-114. "It would thus appear that the former requirement of consistency of remedies is no longer of force in this State and that the plaintiff here is not barred from suing for breach of contract in this case even if such action may be deemed in some sense to be

inconsistent with this former pursuit of his tort action against the Scogginses." *Cox v. Travelers Ins. Co.,* 228 Ga. 498, 499 (186 SE2d 748).

While this court recognizes that there are certain differences between medical malpractice cases and the case sub judice, they do provide persuasive authority. The case of *Bell v. Sigal,* 129 Ga. App. 249 (199 SE2d 355), states: "It is well settled that the breach of a contract between doctor and patient may give rise to a right of action sounding in either tort or contract, and that, prior to the Civil Practice Act, the election to pursue either by the contracting party barred the other. *Stokes v. Wright,* 20 Ga. App. 325 (93 SE 27); *Scott v. Simpson,* 46 Ga. App. 479 (3) (167 SE 920). Election between remedies no longer applies. *Cox v. Travelers Ins. Co.,* 228 Ga. 498 (186 SE2d 748)."

In *Scott v. Simpson,* 46 Ga. App. 479 (167 SE 920), this court held: "Ordinarily an action against a physician for failing to treat a patient with ordinary care and skill is one sounding in tort, and is properly brought under section 4427 of the Civil Code of 1910. However, it has been held in a case decided by this court that where a patient is injured by the failure of a physician to use reasonable care and skill in treating him, he has the right to bring an action in tort, or ex contractu for a breach of duty arising out of the contract of employment, express or implied. *Stokes v. Wright,* 20 Ga. App. 325 (93 SE 27)."

Federal Judge Alexander A. Lawrence recognized the Georgia law in Wolfe v. Virusky, 306 FSupp. 519, 520 (SD Ga.): "Under Georgia law malpractice actions may be brought either in tort or in contract and where a physician undertakes to treat a patient, even where there is no express agreement, an implied contract arises and the doctor impliedly warrants that he possesses the requisite skill to perform the treatment undertaken and that he will exercise ordinary skill and care. Scott v. Simpson et al., 46 Ga. App. 479, 167 SE 920; Stokes v. Wright, 20 Ga. App. 325, (93 SE 27). This rule is recognized in other jurisdictions. Robins v. Finestone, 308 N. Y. 543, 127 NE2d 330; Kozan v. Comstock, 270 F2d 839, 80 ALR2d 310 (5 Cir.). There are exceptions; for example, where either the patient or physician is legally incapable of

contracting. Kozan, supra. No such exceptions are alleged in the present action which is specifically brought in contract under Counts I and III. The two year limitations is not applicable and the contract action is not barred."

Defendant contends that plaintiff's injuries were totally unrelated to her medical treatment at the hospital, but instead were sustained when her hospital bed collapsed. This court cannot conceive of what would be a more integral part of the services a hospital offers than that of providing a safe bed. In the case of *Gardner v. Newnan Hospital,* 58 Ga. App. 104 (198 SE 122), this court determined that a faulty electric fan placed in a patient's room and which caused injury was actionable. In our opinion, a faulty bed would certainly be in this same category.

Defendant cites Code Ann. § 3-1102, providing a two-year statute of limitation for medical malpractice cases. This statute applies peculiarly to the relationship between physician and patient and affects no other actions, but going further, the same statute at Code Ann. § 3-1104 states: "The disabilities and exceptions prescribed in Chapter 3-8 in limiting actions on contracts shall be allowed and held applicable to action, whether in tort or contract, for medical malpractice. (Acts 1976, pp. 1363, 1365, eff. July 1, 1976)" — thus referring to the right to bring the action in contract, further supporting the analogy to medical malpractice cases cited hereinabove.

While the measure of damages may differ between an ex contractu and ex delicto proceeding, this election the plaintiff should have. Certainly if the patient failed to pay the hospital for its services, an action in contract would lie against the patient. Plaintiff should be allowed to control the theory of her case as long as no legal principles are circumvented. We see none here, and hold that the trial court erred in sustaining defendant's motion to dismiss based on the statute of limitation.

*Judgment reversed. Quillian, P. J., and Stolz, J., concur.*

ARGUED FEBRUARY 3, 1977 — DECIDED FEBRUARY 28, 1977 —
REHEARING DENIED MARCH 15, 1977 —

*Joseph O. Saseen,* for appellant.

*Adams, Adams, Brennan & Gardner, Kathleen Horne, Edward T. Brennan, Willis J. Richardson,* for appellees.