*Verlyn C. Baker*, for appellee.

## 68131. McLENDON v. HENRY.

POPE, Judge.

This appeal arises from an automobile accident which occurred on January 17, 1980. At the time of the collision, appellant was a passenger in a car driven by appellee. The two women were co-workers at an elementary school, and for several years appellant had ridden to and from work in appellee's car. Appellant, appellee's only regular passenger on the trips back and forth to their place of employment, voluntarily paid appellee $6 every two weeks to help with expenses. On April 22, 1983 appellant filed suit alleging appellee's negligence in the collision as a breach of contract and seeking damages for injuries suffered as a result of the January 17, 1980 incident. The trial court granted appellee's motion for summary judgment, and appeal is taken from this order.

Appellant stipulates and concedes that the suit was commenced after the two-year statute of limitation for an action in tort had ended. She contends, however, that the suit is one for breach of contract and is, thus, governed by and brought within the four-year statute of limitation applicable to actions in contract. In support of this assertion, appellant argues that the $6 bi-weekly sum given appellee by appellant was consideration for her *safe* transportation to and from work. As such, appellee's alleged negligence in the operation of the vehicle resulted in the collision and was, therefore, *unsafe* transportation constituting a breach of a contractual duty to appellant.

We note initially that appellant claims alternately that the contract was express and oral and that it arose by implication. The record supports a finding that the parties never entered into a contract. In her deposition, appellant testified that she had no discussions with appellee regarding riding to and from work other than asking appellee whether or not it would be satisfactory to do so. Appellee requested no payment at all. Further, appellant testified that there was no express understanding between the parties and that she considered appellee's permitting her to ride back and forth to work with her to be a favor. It was also established that appellee was not in the business of transporting persons for hire in her car.

In addition to appellant's unsupported assertion of a contract and notwithstanding the fact that the suit is framed in terms alleging a breach of contract, an examination of the complaint itself reveals that the action is clearly one for personal injuries negligently inflicted

upon her as well as for loss of earnings.[1] As such, the suit is subject to a two-year statute of limitation applicable to actions for "injuries to the person." See OCGA § 9-3-33; *Harp v. Smith*, 155 Ga. App. 393 (2) (271 SE2d 38) (1980); *Hemphill v. Congoleum Corp.*, 142 Ga. App. 83 (1) (234 SE2d 859) (1977); *Stoddard v. Woods*, 138 Ga. App. 770 (227 SE2d 403) (1976); *Leggett v. Benton Bros. Drayage &c. Co.*, 138 Ga. App. 761 (1, 2) (227 SE2d 397) (1976); Sharpe v. Seaboard C. L. R. Co., 528 F2d 546 (5th Cir. 1976).

The cases relied upon by appellant allow a contract action based upon an allegation of negligent breach of contract. These cases are inapposite, however, because the duty owed appellant by appellee, the safe operation of the vehicle, was a legal duty, not a contractual one. Moreover, this factual situation is not one in which professional services, e.g., legal or medical, served as the basis of the contract and the relationship between the parties. See generally *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 167 Ga. App. 411 (1) (306 SE2d 340) (1983), and cits.; *Mattair v. St. Joseph's Hosp.*, 141 Ga. App. 597 (234 SE2d 537) (1977); *Stokes v. Wright*, 20 Ga. App. 325 (93 SE 27) (1917).

For the foregoing reasons, the trial court did not err in granting appellee's motion for summary judgment.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 11, 1984.

*Albert B. Wallace*, for appellant.
*William R. Reece III*, for appellee.

---

[1] By brief to this court, appellant seems to include an allegation of property damage resulting from the collision. This is, however, neither pursued by argument nor supported by the record. See *Mullins v. Belcher*, 159 Ga. App. 520 (3) (284 SE2d 35) (1981).