8493. ATLANTIC COAST LINE RAILROAD CO. v. ANDREWS.

LUKE, J. 1. On the trial of an action for damages on account of injuries alleged to have been received by a passenger in attempting to alight from a railroad-train that had not stopped at the destination of the passenger a sufficient length of time for the passenger to alight from the train, it was error for the court to charge the jury as follows: "In the event you find that this plaintiff left the train without sufficient excuse for leaving it while in motion, and that she was warned not to do so, and that her leaving the train was without justification upon her part, she would not be entitled to recover. It is a question for you, gentlemen of the jury, to say, if you find that she did leave the train while in motion, whether she was justified in doing so." The question to be determined, as to the conduct of the passenger, was whether she was exercising ordinary care, and not whether she had sufficient excuse or was without justification in leaving the train. This instruction is not rendered harmless by the court's having in other parts of the charge given the law correctly. The jury were left to decide between the conflicts in the charge and to apply such portions of the conflicting instructions as most impressed them. Juries must take the whole charge as the law, and it is not for them to select as between conflicting parts without being instructed so to do by the judge. *Savannah, Florida & Western Railway Co.* v. *Hatcher*, 118 *Ga.* 273 (45 S. E. 239); *Savannah Electric Co.* v. *McClelland*, 128 *Ga.* 87 (57 S. E. 91).

2. The other errors assigned are not likely to recur on another trial, and it is not necessary to make any ruling thereon. The court erred in overruling the motion for a new trial.

*Judgment reversed. Wade, C. J., and George, J., concur.*

DECIDED JULY 25, 1917.

Action for damages; from city court of Jesup—Judge Clark. January 16, 1917.

*Bennet, Twitty & Reese, J. W. Poppell, R. L. Bennett,* for plaintiff in error. *Parks & Reed, James R. Thomas,* contra.