38267.   HUDSON v. COLE *et al.*

DECIDED JULY 15, 1960—REHEARING DENIED JULY 28, 1960.

*Parker & McGee, J. B. McGee, Jr., Thomas A. Parker,* for plaintiff in error.

*Sapp & Holton, D. C. Sapp,* contra.

BELL, Judge. Since there was no insistence by counsel on the general grounds of the motion or on ground 6 of the amended motion for a new trial, these, under the repeated rulings of this court, are deemed abandoned. Also, may we point out, there is no special ground designated as ground 4. We go, then, for consideration, directly to the remaining special grounds, designated as grounds 5, 7, and 8.

■ The special ground designated as ground 5 contends that the court erred in giving the following charge to the jury: "I charge you further that the legal speed limit in this State is 50 m.p.h. from one-half hour after sunset until one-half hour before sunrise." This instruction in and of itself is a correct enunciation of the law. *Code Ann.* § 68-1626 (b) 2.

An excerpt from the charge of the trial court which is correct in itself is not rendered erroneous because some other essential and correct principle of law is not included therein or added thereto. In such a case, the motion for a new trial should assign error on the failure of the court to charge the other essential and correct principle of law involved and not on the charge given. For this reason ground 5 will not be considered by this court. *Cowart v. Gunn,* 90 Ga. App. 680, 684 (6) (83 S. E. 2d 832). Also see annotations under *Code Ann.* § 70-207, catchword "Omission."

■ The special ground designated ground 7 assigns error on the following charge to the jury: "Gentlemen of the jury, if the plaintiff is entitled to recover, the plaintiff's recovery would be confined to her pecuniary interest in the life of her daughter, or the value of that life to the plaintiff. The plaintiff would be entitled to recover the full value of the life of her daughter without reduction for necessary and other personal expenses of

the daughter had she lived." . It is contended that this charge was injurious to the plaintiff and confusing to the jury for the reason that it limits any recovery to her pecuniary interest in the life of the deceased and the value of that life to the plaintiff, rather than the correct measure of damages which, under *Code Ann.* §§ 105-1307 and 105-1308, is the full value of the life of the child. It is further contended that this charge is unsound as an abstract principle of law. While we do agree that the first sentence of this charge is clearly erroneous in that it states that the plaintiff's recovery shall be confined to "her pecuniary interest in the life of her daughter, or the value of that life to the plaintiff," however, it is clear that the second sentence of this charge properly stated the measure of damages under *Code Ann.* §§ 105-1307 and 105-1308, but since the trial judge did not expressly call the attention of the jury to the incorrect statement, and explain to them that it was erroneous, it clearly could have misled the jury and confused them. A jury must take the whole charge as law, and it is not for them to select between conflicting parts without being instructed to do so by the judge. *Atlantic Coast. Line R. Co. v. Andrews,* 20 Ga. App. 605 (1) (93 S. E. 261); *Strickland v. Davis,* 184 Ga. 76, 80 (1) (190 S. E. 586).

■ The amended special ground 8 urges that the court erred in giving the following charge to the jury: "I charge you further that the burden is upon the plaintiff to prove to your satisfaction by a preponderance of the evidence that for which she now claims damages of the defendant was by reason of injuries inflicted at the time testified about and in the manner alleged. Unless you are satisfied that she was made to suffer by reason of the incident in question and are satisfied by her proving to your satisfaction by a preponderance of the evidence, you should find in favor of the defendants." The plaintiff contends that this charge is erroneous, confusing and misleading since the plaintiff's petition made no prayer for any recovery for the plaintiff's suffering. Two questions are raised by the plaintiff regarding this charge. Firstly, what is meant by the term "suffer?" It is urged that if the court meant mental or physical suffering by the plaintiff, the Georgia law does not permit re-

covery by the mother for personal, mental or physical agonies or suffering because of the wrongful death of her child. Secondly, the plaintiff urges that if the court meant financial suffering or some financial loss, the charge is likewise erroneous since under the 1952 amendment to *Code Ann.* § 105-1307 the requirement of loss of financial support or dependency as a basis for recovery by the mother no longer exists. Ga. L. 1952, p. 54.

Again, we must hold that this charge is incorrect and could be confusing and misleading to the jury because it does not state properly the law as to the basis of the plaintiff's right to recover for the wrongful death of her minor child. It is particularly to be noted that the second sentence of this charge instructs the jury that unless the jury is satisfied that the plaintiff was made to "suffer" by reason of the incident in question, the jury should find in favor of the defendants. The word "suffer" has been variously defined. As a transitive verb, it has five meanings, the first and most usual of which is: "To submit to or be forced to endure the infliction, imposition, or penalty of; to bear as a victim or the like; as to *suffer* martyrdom, severe losses, or a year's imprisonment; to be subjected to physical or mental pain because of; to endure with distress; as, to *suffer* thirst or insults; to feel keenly or acutely; as to *suffer* pain of body or grief of mind." Webster's New International Dictionary (1955). Probably in the layman's customary sense of the word, the verb "suffer" is most usually considered to mean the subjection of one to physical or mental pain or enduring with stress or suffering pain of body or grief of mind. It is also defined as meaning to have the feeling or sensation that arises from the action of something painful, distressing, or the like; or to feel or endure pain, mental or physical. See 83 C. J. S. 775-777.

Considering the usual meaning assigned in legal parlance to the verb "suffer," we are impelled to agree that this portion of the charge to the jury was erroneous and misleading, since the Georgia law does not make the basis of recovery for wrongful death the mental or physical suffering of the person bringing the action. The action to recover damages on account of negligent homicide is not an action seeking to recover for mental

pain and suffering. *Glawson v. Southern Bell Tel. & Tel. Co.*, 9 Ga. App. 450 (71 S. E. 747). The emotional upset of the person bringing the action is no part of the measure of damages under *Code Ann.* § 105-1307, which clearly states that the mother or father shall be entitled to recover the full value of the life of the child, which full value is defined in *Code* § 105-1308, and in the numerous decisions thereunder, in economic terms, but not in terms of emotion. If the trial court here meant the financial suffering of the plaintiff, the charge is likewise erroneous, since under the 1952 amendment to *Code Ann.* § 105-1307, the requirement of loss of financial support or dependency as a basis for recovery by the mother or father was eliminated. Ga. L. 1952, p. 54.

For the reasons stated, the trial court erred in overruling the plaintiff's amended motion for a new trial because of the harmful errors in the instructions to the jury as set out in Grounds 7 and 8 of such amended motion.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*

ON MOTION FOR REHEARING.

In their motion for rehearing the defendants in error make much of the fact that it does not appear in the record that the deceased daughter of the plaintiff died without issue surviving her. This contention is not well taken, for the very clear and convincing reason that prima facie proof was made in this respect when it was shown that the deceased young girl was 14 years and 7 months of age and unmarried.