## 48112. BELL et al. v. SIGAL et al.

DEEN, Judge. Mrs. Bell filed an action against two physicians for the death of her nine-year-old son, due to their alleged wilful and gross negligence in treating him for a respiratory disorder and of the codefendant hospital in failing to furnish proper emergency treatment, seeking damages for the full value of his life. She and her husband then filed a second action in the same court against the physicians alleging the same factual course of conduct and death and that the treatment was a breach of the defendants' contract with the plaintiffs to use "that degree of care and skill commonly possessed and exercised by physicians specializing in pediatric medicine," to keep the disease under surveillance, to hospitalize the child, to call in a consultant physician, and to render emergency life saving treatment. These are the same allegations which constitute the allegations of negligence in the first action. Damages were sought for grief and mental anguish, that is, for solatium, resulting to them from the child's death. A motion to dismiss the second action was sustained and the plaintiffs appeal. *Held:*

It is well settled that the breach of a contract between doctor and patient may give rise to a right of action sounding in either tort or contract, and that, prior to the Civil Practice Act, the election to pursue either by the contracting party barred the other. *Stokes v. Wright,* 20 Ga. App. 325 (93 SE 27); *Scott v. Simpson,* 46 Ga. App. 479 (3) (167 SE 920). Election between remedies no longer applies. *Cox v. Travelers Ins. Co.,* 228 Ga. 498 (186 SE2d 748). "A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them." Code Ann. § 3-114. Nevertheless, we do not apprehend that a plaintiff may proceed with two lawsuits and recover twice from the same defendant merely by denominating one action a tort and the other a breach of contract. Here the factual transaction in both cases is identical. The general duty (to use, on the part of that physician,

the degree of skill and care the absence of which would be actionable under Code § 84-924) is the subject of both actions. The resultant injury (the death of the child) is the same. Only the measure of damages differs. Basically, in the second action designated as sounding in contract, the parents seek to recover for their grief at the child's death. We have found no Georgia case, either in tort or contract, where damages for mental anguish of a relative or friend due solely to grief over injury to another was compensable. In an action for damages resulting from wilful and voluntary acts amounting to nuisance, the court held in *Atlantic C. L. R. Co. v. Knapp,* 139 Ga. 422, 428 (77 SE 568): "The plaintiff sought to recover for his mental pain and anxiety on account of the sickness of his family. This is not a proper element of damage, and should be eliminated. Loss of services of a child may be an element of recovery, with proper allegations, but not anxiety and worry about him."

We do not think the mere fact that the action (in order to differentiate it from the previous lawsuit) is denominated as sounding in contract rather than tort would change the rule. The suit in either event is for a breach of a contract by reason of tortious acts which resulted in the death of the child. For such wrongful death the right to recover is given by Code Ann. § 105-1307—first to the mother but, if the mother is not living, then to the father. The mother brought the action here. The mother and father, alleging themselves to be joint contractors, brought the second, but this is not enough in itself to require a contrary disposition of the case.

In *Bulloch County Hospital Authority v. Fowler,* 124 Ga. App. 242 (3c) (183 SE2d 586), a suit by a widow for the death of her husband as a result of failure of treatment similar to that here alleged, it was held that the measure of damage does not include "a recovery for the mental suffering, grief or wounded feelings of the wife and children, or for a solatium." To the same effect see *Hudson v. Cole,* 102 Ga. App. 300 (115 SE2d 825); *Glawson v. Sou. Bell Tel. &c. Co.,* 9 Ga. App. 450 (71 SE 747); Zostautas v. St. Anthony Hosp., 23 Ill. 2d 326 (178 NE2d 303). We agree with the trial court whose order states in part that "plaintiffs should not be allowed to do indirectly what they are not permitted under the laws of Georgia to do directly, i.e., recover for their own mental grief and anguish caused by the death of their son."

The judgment of dismissal is affirmed.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*
ARGUED APRIL 30, 1973 — DECIDED MAY 30, 1973 — REHEARING
DENIED JUNE 20, 1973 —

*Shoob, McLain & Jessee, C. James Jessee, Jr.,* for appellants.
*T. M. Smith, Jr., Hunter S. Allen, Jr.,* for appellees.