## 51617. HOWARD v. BLOODWORTH.

BELL, Chief Judge.

Plaintiff's complaint alleged that his mother was killed by the wilful and wanton act of the defendant's decedent; that "upon being informed of the tragic death of his mother," plaintiff's body rejected a transplanted kidney which required additional transplants; and that the action was brought, "not for the value of his mother's life but for his own personal physical damage caused to him by the trauma of his mother's death and for his own psychic shock and injury and for the loss of personal services rendered by the mother to the plaintiff." Defendant's motion to dismiss for failure to state a claim on which relief could be granted was sustained. *Held:*

In *Strickland v. Hodges,* 134 Ga. App. 909 (216 SE2d 706) we held that parents not present at an incident when serious injuries were inflicted on their child by the wilful and wanton act of a defendant do not have an independent right of action to recover for emotional distress and mental suffering flowing from the parents learning of the injuries to the child. As noted in *Strickland,* Georgia follows the "impact rule" which requires that defendant's conduct must result in actual bodily contact to the

plaintiff except under circumstances where the wilful act was directed against the plaintiff. Here, by allegations in the complaint, plaintiff concedes there was no "impact" inflicted on him nor was there any wilful act by defendant's decedent directed toward him. Plaintiff attempts to distinguish *Strickland* by contending that the viewing of his mother's mutilated body minutes after the collision caused shock and the concomitant rejection of the kidney transplant. However, there is no allegation in the complaint that plaintiff viewed the body. To the contrary, plaintiff alleged that this claimed physical injury caused by shock occurred on "being informed" of his mother's death. Moreover, plaintiff could not recover even if he had witnessed the mutilated body. In *Southern R. Co. v. Jackson,* 146 Ga. 243 (91 SE 28) it was held that a mother could not recover damages who witnessed the mangling of her child by defendant's gross negligence.

*Judgment affirmed. Clark and Stolz, JJ., concur.*

ARGUED JANUARY 12, 1976 — DECIDED FEBRUARY 3, 1976.

*Green & Alderman, Larry K. Butler,* for appellant.

*Page, Scrantom, Harris, McGlamry & Chapman, John T. Laney, III,* for appellee.