S89G0538. OB-GYN ASSOCIATES OF ALBANY et al. v.
LITTLETON et al.
(386 SE2d 146)

CLARKE, Presiding Justice.

Plaintiffs/appellees Littleton sued appellants for the allegedly negligent delivery of their infant daughter which resulted in the baby's death two days after delivery. They sued in four counts: Count 1 was for the wrongful death of the daughter under OCGA §§ 19-7-1(c) and 51-4-4; counts 2 and 3 were for loss of her services and for money paid to defendants for services; count 4 was for the mother's mental suffering and emotional distress. The trial court granted summary judgment on count 4, and the Court of Appeals reversed. *Littleton v. OB-GYN Assoc., P. C.*, 192 Ga. App. 634 (385 SE2d 743) (1989). We granted appellants' application for certiorari to resolve two issues: 1) whether Mrs. Littleton will be allowed to recover for emotional and mental distress as well as for the full value of the life of her deceased infant without reduction for any expenses of decedent had she lived; 2) whether the facts of this case create a jury question on the issue of physical injury to the mother so as to give rise to a claim for damages for the resulting emotional distress and mental anguish.

We conclude that recovery for emotional distress is not available in a wrongful death action. We conclude that when Mrs. Littleton entered the delivery room there were two patients: Mrs. Littleton and her unborn child. While Mrs. Littleton is not able to sue for emotional distress as part of her wrongful death action for the death of her daughter, she may bring a claim based on malpractice resulting in injuries to her person. This claim may include a claim for compensa-

tion for any emotional distress which is a consequential damage resulting from those injuries.

1. Recovery for wrongful death in Georgia is limited to the full value of the life without deduction for necessary or personal expenses of decedent and does not include recovery for mental anguish or emotional distress. OCGA §§ 19-7-1; 51-4-4; 51-4-1.

The Court of Appeals found that the claim asserted by Mrs. Littleton here was recognized in *Smith v. Overby*, 30 Ga. 241 (1860). In that case the Smiths sued to recover for the wife's bodily injury and mental anguish due to the death of her child during delivery. The plaintiffs claimed that they were damaged in the amount of $25,000 due to her physical suffering and the destruction of her health and peace of mind.

*Smith v. Overby* involved particularly heartbreaking facts. The child was deliberately dismembered during the delivery by the doctor, who believed this action necessary to save the mother. The case was reversed because the judge had not allowed the jury to consider the claim for mental anguish for the unnecessary destruction and the death of the child. *Smith v. Overby*, supra, has little application to the present case. As will be discussed below, a claim for emotional distress is not available in Georgia in a wrongful death action. On the other hand, a person who has suffered a physical injury resulting from the negligence of another may claim damages for emotional distress in the action to recover for the injury.

The Court of Appeals distinguished *Bell v. Sigal*, 129 Ga. App. 249 (199 SE2d 355) (1973). In *Bell v. Sigal* the mother of a minor child filed an action against two physicians for negligence in treatment which resulted in his death. She sought damages for the full value of his life. The mother and father then filed another action for breach of contract and claimed damages for solatium in that action. In affirming the trial court's dismissal of the contract action, the Court of Appeals found that the plaintiffs could not proceed in two actions and recover twice. The court further said, "[w]e have found no Georgia case, either in tort or contract, where damages for mental anguish of a relative or friend due solely to grief over injury to another was compensable." 129 Ga. App. at 250. Here the Court of Appeals distinguished *Bell v. Sigal* because the plaintiff in that case sought to recover both in contract and in tort. We do not find that this distinction dilutes the conclusion of the *Bell v. Sigal* court that there is no precedent in Georgia for recovery of damages for mental anguish or emotional distress in a wrongful death action. See also *Young Men's Christian Assn. v. Bailey*, 112 Ga. App. 684 (146 SE2d 324) (1965), cert. denied 385 U. S. 868 (1966); *Hudson v. Cole*, 102 Ga. App. 300 (115 SE2d 825) (1960) in which the Court of Appeals held:

The emotional upset of the person bringing the action is no part of the measure of damages under Code Ann. § 105-1307, which clearly states that the mother or father shall be entitled to recover the full value of the life of the child, which full value is defined in Code § 105-1308, and in the numerous decisions thereunder, in economic terms, but not in terms of emotion. [Id. at 304.]

2. In this case, however, the claim for emotional distress is not part of the wrongful death claim. Rather, it is part of a separate count in which Mrs. Littleton seeks damages for mental distress. The Restatement of Torts, Second, § 456 provides:

If the actor's negligent conduct has so caused any bodily harm to another as to make him liable for it, the actor is also subject to liability for (a) fright, shock, or other emotional disturbance resulting from the bodily harm or from the conduct which causes it, and (b) further bodily harm resulting from such emotional disturbance.

## A. The Impact Rule

Georgia follows the so-called "impact rule," which requires that, there must have been actual bodily contact with plaintiff as a result of defendant's conduct for a claim for emotional distress to lie. The Georgia rule was clearly stated in *Candler v. Smith*, 50 Ga. App. 667, 673 (179 SE 395) (1934):

Mere wrongful acts of negligence will authorize a recovery where the resulting fright, shock, or mental suffering is attended with actual immediate physical injury, or where from the nature of the fright or mental suffering there naturally follows as a direct consequence physical or mental impairment. [Cits.] In either of such events the fright or mental suffering can itself be considered, together with the accompanying physical injury or resulting physical impairment, as an element of damage.

See also *Howard v. Bloodworth*, 137 Ga. App. 478 (224 SE2d 122) (1976); *Marcelli v. Teasley*, 72 Ga. App. 421 (33 SE2d 836) (1945); *Goddard v. Watters*, 14 Ga. App. 722 (82 SE 304) (1914).

In *Christy Brothers Circus v. Turnage*, 38 Ga. App. 581 (144 SE 680) (1928), the plaintiff was allowed to seek damages for emotional distress resulting from the impact of a circus horse's evacuating its bowels in her lap. *Christy Brothers Circus* constitutes an expansion of the impact rule in its holding that

[any] unlawful touching of a person's body, although no actual physical hurt may ensue therefrom, yet, since it violates a personal right, constitutes a physical injury to that person. . . . The unlawful touching need not be direct, but may be indirect, as by the precipitation upon the body of a person of any material substance. [Id. at 581.]

As noted in Prosser & Keeton, Law of Torts, 5th ed. § 54, p. 364, *Christy Brothers Circus* reduces the requirement that there be some physical injury or at least an impact for the recovery of damages for emotional distress as a result of defendant's conduct to an absurdity.

In *Westview Cemetery v. Blanchard*, 234 Ga. 540, 544 (216 SE2d 776) (1975), we held, in construing what is now OCGA § 51-12-6:

This section does not create a cause of action for injury to peace, feelings or happiness but prescribes the measure of recovery where such a cause of action exists. [Cit.] If "mental pain and suffering" is not accompanied by physical injury or pecuniary loss, recovery is allowed only if the conduct complained of was "malicious, wilful, or wanton." [Cit.] The measure of damages under this section is unique in that the jury is permitted to consider the worldly circumstances of the parties.

We take this opportunity to clarify our rule regarding impact and now hold that the impact which will support a claim for damages for emotional distress must result in a physical injury. *Christy Brothers Circus v. Turnage*, supra, is overruled.

### B. Pecuniary Loss

We turn next to Mrs. Littleton's contention that pecuniary loss which she suffered will support a claim for damages for emotional and mental distress. Interpreting our case of *Chapman v. Western Union Telegraph Co..* 88 Ga. 763 (15 SE 901) (1892), the Court of Appeals in *Kuhr Brothers v. Spahos*, 89 Ga. App. 885, 890 (81 SE2d 491) (1954), overruled on other grounds, extracted the following principle:

In cases where mere negligence is relied on, before damages for mental pain and suffering are allowable, there must also be an actual physical injury to the person, *or a pecuniary loss resulting from an injury to the person which is not physical*; such an injury to a person's reputation, or the mental pain and suffering must cause a physical injury to the person. [Emphasis supplied.]

See *Davis v. Hall*, 21 Ga. App. 265 (94 SE 274) (1917), cited by the court as stating the correct rule as follows: " 'Where the injury complained of is not a personal tort, but an injury to property, there can be no recovery for mental suffering.' " *Kuhr Brothers v. Spahos*, supra at 890. See *Montega Corp. v. Hazelrigs*, 229 Ga. 126 (189 SE2d 421) (1972), apparently adopting the *Kuhr Brothers* court's construction of *Chapman*. But see *Barrow v. Ga. Lightweight Aggregate Co.*, 103 Ga. App. 704 (120 SE2d 636) (1961), in which the Court of Appeals found that plaintiff could claim damages for mental suffering resulting from a trespass in the form of dynamite explosions: "We . . . hold that a trespass upon real property imposes liability for damage caused to property and person, including mental and physical injury of the owner and his family." Id. at 709. Insofar as this case stands for the proposition that mental injury flowing from a trespass is compensable, we approve it. However, to the extent that it may stand for the proposition that a plaintiff who has suffered a trespass may recover for emotional distress, we disapprove this case.

We reiterate the rule that for a pecuniary loss to support a claim for damages for emotional distress, the pecuniary loss must occur as a result of a tort involving an injury to the person even though this injury may not be physical. An injury to the reputation would be such an injury.

### C.  The Zone of Danger or Fear for Another Rules

Finally, Mrs. Littleton claims that she should be allowed to recover damages for emotional distress because she was in the delivery room at the time the infant was delivered, saw and heard the efforts to revive the baby, and later had the baby die in her arms. Georgia does not recognize the so-called "zone of danger" or "fear for another" rule which permits recovery of damages for emotional distress by one (generally a relative) who witnesses injury to another (generally a loved one). In *Strickland v. Hodges*, 134 Ga. App. 909, 913 (216 SE2d 706) (1975), the Court of Appeals considered the question whether there is a right of action for emotional distress available to parents not present when injuries are inflicted upon their child due to the wilful and wanton negligence of a defendant. The Court of Appeals found no recovery available in Georgia for emotional distress resulting from negligence in the absence of physical injury. Beyond this, the court held in regard to *intentional or wanton* acts resulting in emotional distress:

> To those reasons and that logic [the reasoning and logic of the Court of Appeals of New York in *Tobin v. Grossman*, 24 NY2d 609 (249 NE2d 419) (1969)] must be added the philos-

ophy inherent in the cited Georgia decisions which require the plaintiff to show that the malefactor's act serving as the basis for the suit must be directed towards the complainant. This is particularly true as to the holding in *Southern R. Co. v. Jackson*, 146 Ga. 243 [(91 SE 280) (1916)] which denied damages to a mother who witnessed the mangling of her child resulting from defendant's gross negligence.

See also *Goddard v. Watters*, 14 Ga. App., supra, in which a wife was not allowed to recover for the mental distress she suffered when she miscarried after seeing her husband assaulted with a revolver. The court in *Goddard* concluded that

such recoveries must be confined to instances where there is physical injury attending the cause of fright, or where, if there is no such physical injury, the fright is of such character as to produce some physical or mental impairment directly and naturally resulting from the wrongful act. . . . [Id. at 728.]

We are left with the question whether the peculiar relationship between the mother and the unborn child results in any negligence directed toward the child necessarily being directed at the mother as well. Because an unborn fetus at full term and the mother are considered separate persons for many different purposes in Georgia, we find that they are separate in the context of the delivery itself. The mother and the unborn child in the delivery room are two separate beings. The relationship of the mother and the unborn child in the delivery situation does not of itself require that every action towards one is an action towards the other.

We are in agreement with Judge Beasley's reasoning in her concurring opinion in this case. As she points out, Mrs. Littleton may claim damages for emotional distress in connection with the alleged malpractice of defendants which resulted in injury to herself. The order granting the motion for partial summary judgment in regard to Mrs. Littleton's claim for damages for emotional distress in count 4 contains no findings of fact. We are therefore uncertain as to whether the trial judge considered the presence or absence of material facts which would show an injury to Mrs. Littleton, as distinguished from injury to the infant. The presence of such injury could support a claim for emotional distress under Georgia law. We therefore remand this case for a hearing in the trial court to determine whether Mrs. Littleton suffered a physical injury as a result of negligence of defendants.

*Judgment reversed and remanded. All the Justices concur, ex-*

*cept Smith, J., who concurs specially.*

SMITH, Justice, concurring specially.

We granted the writ of certiorari in this case to decide whether Mr. and Mrs. Littleton, plaintiffs/appellees, could recover for the wrongful death of their daughter and whether Mrs. Littleton could recover for her mental suffering and emotional distress. The rule in Georgia since 1892 when this Court decided *Chapman v. Western Union Telegraph Co.*, 88 Ga. 763 (15 SE 901) (1892), has been:

> Where there is a physical injury or pecuniary loss, compensatory damages include recovery for accompanying "mental pain and suffering" even though the tortious conduct complained of is merely negligent. [Cits.]

*Westview Cemetery v. Blanchard*, 234 Ga. 540, 543 (216 SE2d 776) (1975). As can be seen below, there are concerns in allowing recovery for purely emotional distress; however, the fear of some fabricated emotional distress claims should not prevent all who suffer emotional distress from recovery.

> Mental disturbance is easily simulated, and courts which are plagued with fraudulent personal injury claims may be unwilling to open the door to an even more dubious field. But the difficulties may not be insuperable. Not only fright and shock, but other kinds of mental injury are marked by definite physical symptoms, which are capable of medical or other objective proof. It is entirely possible to allow recovery only upon satisfactory evidence and deny it when there is nothing to corroborate the claim, or to look for some guarantee of genuineness in the circumstances of the case. The problem from this perspective is one of adequate proof, and it is not necessary to deny a remedy in all cases because some claims may be false. And where the concern is to avoid imposing excessive punishment upon a negligent defendant, it must be asked whether fairness will permit leaving the burden of loss instead upon the innocent victim. . . . [Cits. omitted.] [Keeton, Prosser & Keeton on The Law of Torts 361 (5th ed. 1984).]

As I understand the majority's holding, if Mrs. Littleton suffered any physical injury connected with the birth of her daughter, then a jury must decide whether she should recover for emotional distress [mental pain and suffering]. I agree with this, but I believe it is time to re-examine this area of the law so that it is more in line with the needs of society. I agree with the states that allow recovery for emo-

tional distress even in the absence of a physical injury or "impact."

> This is the nearly unanimous view of scholars who have addressed the problem, see, e.g., Goodrich, Emotional Disturbance as Legal Damage, 20 Mich. L. Rev. 497 (1922); Magruder, Mental and Emotional Disturbance in the Law of Torts, 49 Harv. L. Rev. 1033 (1936); Prosser, Handbook on the Law of Torts 327 (4th ed. 1971). Numerous state courts also follow this view. See Annot., 64 ALR2d 100. [*Hamilton v. Powell, Goldstein, Frazer and Murphy*, 252 Ga. 149, 151 (311 SE2d 818) (1984) (Smith, J., dissenting).]

As stated by Page Keeton:

> [T]he great majority of courts have now repudiated the requirement of "impact," regarding as sufficient the requirement that the mental distress be certified by some physical injury, illness or other objective physical manifestation. . . .

> [A] handful of courts have taken the final step and permitted a general negligence cause of action for the infliction of serious emotional distress, without regard to whether the plaintiff suffered any physical injury or illness as a result. A couple of other recent decisions, over strong dissents, have expressly refused to move this far, opting instead to retain the physical harm requirement. [Cits. omitted.] [Keeton, supra at 364-65 (5th ed. 1984).]

I agree with the "handful of courts" that allow a cause of action to recover for serious emotional distress without regard to whether the plaintiff suffered any physical injury or physical illness.

DECIDED DECEMBER 5, 1989.

*Watson, Spence, Low & Chambless, G. Stuart Watson, Dawn G. Benson,* for appellants.
*William S. Stone,* for appellees.
*Alston & Bird, G. Conley Ingram, Judson Graves, Richard L. Greene, Butler, Wooten, Overby & Cheeley, James E. Butler,* amici curiae.