S91G1006. RYCKELEY et al. v. CALLAWAY et al.
(412 SE2d 826)

BENHAM, Justice.

Appellees/plaintiffs brought suit against appellants/defendants for damages allegedly suffered by plaintiffs due to defendants' conduct in damaging part of a private burial ground in which some of plaintiffs' ancestors were buried. The trial court granted defendants a partial summary judgment on the issues of punitive damages and intentional infliction of emotional distress. The Court of Appeals reversed the trial court's judgment and, as to the claim for intentional infliction of emotional distress, held that there existed a question of fact concerning whether the damage done to the gravesites was done with reckless or wanton disregard for plaintiffs' rights. *Callaway v. Ryckeley,* 199 Ga. App. 314 (404 SE2d 650) (1991). We granted the writ of certiorari to consider the correctness of that ruling.

In a claim concerning negligent conduct, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury. *OB-GYN Assoc. v. Littleton,* 259 Ga. 663 (386 SE2d 146) (1989). On the other hand, where the conduct is malicious, wilful or wanton, recovery can be had without the necessity of an impact. *Westview Cemetery v. Blanchard,* 234 Ga. 540 (216 SE2d 776) (1975).

Recognizing the principles stated above, the Court of Appeals examined the record and concluded that there was a question of fact concerning the character of defendants' conduct. The Court of Appeals did not, however, take into consideration a line of cases decided by that court which recognizes that even malicious, wilful or wanton conduct will not warrant a recovery for the infliction of emotional distress if the conduct was not directed toward the plaintiff. That line of cases is epitomized by the decision in *Sanders v. Brown*, 178 Ga. App. 447 (1) (343 SE2d 722) (1986). There one member of a family of plaintiffs was sprayed with insecticide by one of the defendants. Noting that the evidence would authorize a finding that the defendant's conduct was wanton and wilful, the Court of Appeals held that

> although no physical injury or pecuniary loss was alleged or proven, [the plaintiff who was sprayed] was authorized to recover damages pursuant to OCGA § 51-12-6. [Cit.] "If 'mental pain and suffering' is not accompanied by physical injury or pecuniary loss, recovery is allowed only if the conduct complained of was 'malicious, wilful, or wanton.' [Cit.]" [Cit.] The incident would not, however, be a source of recovery for the mental distress of any of the other [plaintiffs]. "Georgia follows the 'impact rule' which requires that defendant's conduct must result in actual bodily contact to the plaintiff except under circumstances where the wilful act was directed against the plaintiff. Here, there was no 'impact' inflicted on any of the other [plaintiffs] nor was there any wilful act directed toward them." [Cit.] [Id. at 450.]

Applying that holding to the facts of the present case would yield a result consistent with the trial court's grant of summary judgment to the defendants on the claim for emotional distress: since there was no impact on any of the plaintiffs so as to support a recovery based on negligent conduct, and there was no evidence that any conduct by defendants which the plaintiffs assert was malicious, wilful or wanton was directed at any of the plaintiffs, there was no right in any of the plaintiffs to recover for the emotional distress they alleged was caused them by the damage to the cemetery.[1]

We find the reasoning of the Court of Appeals in *Sanders* and the line of cases it represents to be an appropriate and logical corol-

---

[1] Such a result would be consistent with the result in *Westview Cemetery*, 234 Ga. 541, supra: although the issue was not considered by this court in that case, the facts recited in the first Court of Appeals opinion in that controversy (*Blanchard v. Westview Cemetery*, 124 Ga. App. 195 (183 SE2d 399) (1971), rev'd 228 Ga. 461 (186 SE2d 92) (1971)), would support a finding that the malicious, wilful or wanton conduct was directed at the plaintiff, the widow of the person whose body was disinterred and moved without permission.

lary to the impact rule. We conclude, therefore, that since there is no evidence in the record of this case to support a finding that appellants' conduct was directed at any of the plaintiffs, the trial court was correct in granting summary judgment to defendants and the Court of Appeals erred in reversing that judgment.

*Judgment reversed. Clarke, C. J., Weltner, P. J., Bell, Hunt, Fletcher, JJ., and Judge Philip F. Etheridge concur.*

DECIDED FEBRUARY 4, 1992.

*Lokey & Bowden, Malcolm P. Smith, K. Scott Graham, Beck, Owen & Murray, Richard L. Collier, McNally, Fox, Cameron & Stephens, William R. McNally, M. Van Stephens II, for appellants.*
*Bischoff & White, James A. White, for appellees.*