A97A2018. JORDAN et al. v. ATLANTA AFFORDABLE HOUSING FUND, LTD. et al.
A97A2019. ATLANTA AFFORDABLE HOUSING FUND, LTD. et al. v. HAMMONDS.
(498 SE2d 104)

BEASLEY, Judge.

Terrorized and robbed by armed intruders, Yolanda Hammonds and her two young children sued their apartment complex owner (Atlanta Affordable Housing Fund, Ltd.) and its management company (Ledic Management Group) for negligence and recklessness in providing security for their apartment. Only the mother was touched during the intrusion, and although she deposed that neither she nor the children generally suffered any physical injuries, she also deposed the intruders yanked and pulled her by the hair during the episode. She later submitted an affidavit confirming injury to her scalp.

The court granted summary judgment against the children but denied summary judgment against the mother. The issues are (1) whether the mother's affidavit and deposition testimony about her scalp injury defeat summary judgment in light of her other deposition testimony disclaiming any physical injury, (2) whether, absent physical injury, the intentional actions of the intruders against the children can render the landlord and its management company liable, and (3) whether the alleged reckless actions of the landlord and its management company in failing to maintain adequate security were directed toward the children.

Construed in favor of plaintiffs, the evidence showed that late one night in October 1994 five armed men kicked the locked, barricaded door of the family's apartment off its frame and demanded money. Begging the intruders for mercy, the mother sent the children

to their bedroom. Her son was a little over three and one-half years old and her daughter was not yet five. One man grabbed the mother by her hair, pulled her down the hall to the door of her children's bedroom, and in front of them placed a gun to her head and demanded the location of her money. She told him, and the men took the money and ran.

Traumatized by the event, the children have become withdrawn, cling to their mother constantly, experience nightmares, and one now wets the bed again. In addition to the scalp pain caused by having her hair pulled, the mother has become "jumpy" and "paranoid," and does not sleep well. These are the only injuries she identified at her deposition. Her later affidavit explains the gunman pulled out some of her hair and she suffered a scalp injury for several days. None of the victims have received medical or psychiatric treatment for emotional distress.

## *Case No. A97A2019*

1. We will first address the mother's claim. In Georgia, "there must have been actual bodily contact with plaintiff as a result of defendant's conduct for a claim for emotional distress to lie. . . . [T]he impact . . . must result in a physical injury."[1] Physical injury stemming from the emotional stress, without any impact, is not recoverable.[2] Although pecuniary loss may also serve as the basis to recover for emotional distress, the loss must result from an injury to the person, not to property.[3]

At her deposition, the mother confirmed that in response to interrogatories asking her to describe her injuries, she accurately swore that "no physical injuries were suffered by the plaintiffs." She testified again during the deposition that she suffered no physical injuries. But in response to the question "You didn't suffer any physical injury; is that correct?," she said, "Except for my head from the way they was — no."

In response to defendants' motion for summary judgment, the mother submitted an affidavit stating "[m]y head and scalp hurt when the man yanked me by my hair and forced me down the hall-

---

[1] *OB-GYN Assoc. v. Littleton*, 259 Ga. 663, 665-666 (2) (A) (386 SE2d 146) (1989); see *Ryckeley v. Callaway*, 261 Ga. 828 (412 SE2d 826) (1992); *Owens v. Gateway Mgmt. Co.*, 227 Ga. App. 815, 816 (490 SE2d 501) (1997); *Ford v. Whipple*, 225 Ga. App. 276 (483 SE2d 591) (1997); *Strickland v. Hodges*, 134 Ga. App. 909 (216 SE2d 706) (1975).

[2] *Posey v. Medical Center-West*, 184 Ga. App. 404, 405 (361 SE2d 505) (1987); see *Harris v. Wall Tire Co.*, 197 Ga. App. 818 (1) (399 SE2d 580) (1990) (sleep disturbances and stomach problems arising from emotional stress not recoverable without impact or pecuniary loss).

[3] *OB-GYN Assoc.*, supra, 259 Ga. at 666-667 (2) (B); *Harris*, supra, 197 Ga. App. at 818 (1).

way, and continued to hurt for several days after the incident." Based on this affidavit and her deposition testimony, the court found she had suffered the requisite physical injury and denied summary judgment on her claim. The trial court was correct. She referred to her scalp injury in response to a deposition question about physical injuries. Her deposition testimony that she was yanked by the hair down the hallway creates a reasonable inference she suffered some physical injury from that deliberately harsh and heavy-handed bodily contact. Taken in context, her layperson denials of physical injury are understandable, for in this violent encounter neither she nor her children were killed or shot or beaten, which appeared to be a very possible outcome, and it was unnecessary to seek medical aid or administer medical treatment. We perceive no contradiction between her deposition testimony and the later-filed affidavit, and thus there is no cause to construe her deposition testimony against her.[4]

*Goins v. Tucker*[5] and *Littleton v. OB-GYN Assoc.*[6] have specifically applied this principle to a plaintiff's claim of physical injury in an emotional distress case and found in those cases there was no contradiction. In each case, the previous testimony did not foreclose the possibility of physical injury.

The court correctly denied summary judgment on the mother's claims.

### Case No. A97A2018

2. The children were not touched during the encounter, but recovery is available without impact or pecuniary loss if the children can show defendants' conduct was malicious, wilful, or wanton[7] and was directed toward them.[8] The children argue that the conduct of the *intruders* was malicious, wilful, and wanton, and was directed to them in that the gunman brought the mother to their bedroom door to make the violent threats. But the children are not suing the intruders for their malicious acts; they are suing the landlord and management company for their alleged negligence and recklessness in failing to warn of prior similar incidents and to adequately secure the apartment and the complex. The court reviews the conduct of the

---

[4] See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986).

[5] 227 Ga. App. 524, 526-527 (2) (489 SE2d 857) (1997).

[6] 199 Ga. App. 44, 45 (403 SE2d 837) (1991).

[7] *Ryckeley*, supra, 261 Ga. at 828; *OB-GYN Assoc.*, supra, 259 Ga. at 666 (2) (A); *Westview Cemetery v. Blanchard*, 234 Ga. 540, 544 (B) (216 SE2d 776) (1975); *Marcelli v. Teasley*, 72 Ga. App. 421, 425 (1) (33 SE2d 836) (1945).

[8] *Sanders v. Brown*, 178 Ga. App. 447, 450 (1) (343 SE2d 722) (1986); *Strickland*, supra, 134 Ga. App. at 913.

defendants before the court, not of third parties.[9]

Claiming waiver, the children point out the defendants did not complain below that the malicious conduct was that of the armed intruders as opposed to that of the defendants. That is explained by the fact that the children did not argue the malicious exception to the impact rule until appeal.

The children allege defendants basically breached three duties: failure to warn of prior similar incidents in the apartment community; failure to install secure locks and hardware on the apartment doors; and failure to maintain a working security gate at the entrance to the complex, which was stuck open on the night in question. The children further allege the negligence of defendants showed "a reckless and wanton disregard for the safety and well-being of Plaintiffs."

We assume for purposes of this appeal that the latter allegation (not having been contradicted by evidence from defendants) meets the standard that the defendants' conduct be malicious, wilful, or wanton, for "reckless and wanton disregard of consequences may evince an intention to inflict injury."[10] But nowhere do the children allege or present evidence which would allow even an inference that defendants' misconduct was directed toward them.

Such a showing is essential. The Supreme Court in *Ryckeley v. Callaway*[11] reversed this Court on this very ground. "[E]ven malicious, wilful or wanton conduct will not warrant a recovery for the infliction of emotional distress if the conduct was not directed toward the plaintiff. . . . [S]ince there is no evidence in the record of this case to support a finding that appellants' conduct was directed at any of the plaintiffs, the trial court was correct in granting summary judgment to defendants. . . ."[12]

Last year *Ford v. Whipple*[13] considered whether defendant's reckless and wanton speeding through a red traffic control light was directed toward plaintiff's child who was riding as a passenger in a car struck by defendant's vehicle. The child suffered no physical injury but only emotional distress. Affirming the grant of the motion to dismiss, *Ford* reasoned, "[e]ven if [defendant's] speeding was wan-

---

[9] See *Westview Cemetery*, supra, 234 Ga. at 545 ("recovery is allowed only where *the defendant's conduct* is malicious, wilful, or wanton") (emphasis supplied); *Deutz-Allis Credit Corp. v. Phillips*, 193 Ga. App. 79, 81 (387 SE2d 34) (1989) (to recover for emotional distress, plaintiff must show that the defendant's conduct was wilful or wanton); *Sanders*, supra, 178 Ga. App. at 449-450 (1) ("in those cases where recovery has been authorized for intentional infliction of emotional distress, *the defendant's actions* were so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff") (emphasis supplied).

[10] *Hamilton v. Powell, Goldstein &c.*, 252 Ga. 149, 150 (311 SE2d 818) (1984).

[11] 261 Ga. at 830.

[12] Id. at 829-830.

[13] 225 Ga. App. at 278.

ton and wilful on this thoroughfare . . ., the pleadings do not allege that she directed this conduct at the plaintiff's child, and without such a claim there is no reasonable construction that she did so. Her conduct cannot be seen as directed at 'anyone' in her path, and no authority is cited to support this theory.

"Disregard of general consequences is a part of wanton behavior, but the exception to the impact rule requires more; the wantonness must be directed to the plaintiff. [Cits.] To say the actor's conduct is directed at anyone who is in the path ignores the additional requirement. Such an analysis would create the tort of negligent infliction of emotional distress and ignore the rule that 'even malicious, wilful or wanton conduct will not warrant a recovery for the infliction of emotional distress if the conduct was not directed toward the plaintiff.' [Cit.]"[14]

Similarly, the plaintiff in *Wellborn v. DeKalb County School Dist.*[15] failed to allege in her complaint that any wanton or wilful act of the school district was directed toward her. Because there was no physical injury to her, *Wellborn* affirmed the dismissal of her claim.[16]

In the case of these children, defendants' misconduct applied to the apartment community at large, and there is nothing indicating that the children were singled out or targeted to bear the consequences of that misconduct. Absent the element of specific direction on the one hand, or bodily contact resulting in physical injury on the other, the children's claims fail to provide a basis for recovery.

3. There is language in some decisions that would indicate yet another exception to the impact rule that might possibly apply here. In describing the Georgia impact rule, *OB-GYN Assoc.* quoted the following from *Candler v. Smith*:[17] "Mere wrongful acts of negligence will authorize a recovery where the resulting fright, shock, or mental suffering is attended with actual immediate physical injury, *or where from the nature of the fright or mental suffering there naturally*

---

[14] Id.

[15] 227 Ga. App. 377, 379 (3) (489 SE2d 345) (1997).

[16] See also *Dillman v. Kahres*, 201 Ga. App. 210, 211 (411 SE2d 43) (1991) (summary judgment affirmed because evidence showed defendant's reckless conduct was not directed toward plaintiffs); *Sanders v. Brown*, supra, 178 Ga. App. at 450 (1) (j.n.o.v. was mandated as to plaintiffs toward whom no wilful act was directed); *Strickland v. Hodges*, supra, 134 Ga. App. at 912 ("It was the absence of this element of being 'directed towards the individual plaintiff' which was the basis of other decisions holding that without a showing of physical injury there was no cause of action for emotional harm"); see generally *OB-GYN Assoc.*, supra, 259 Ga. at 668 (C) (defendant's act " 'must be directed towards the complainant' "); *Evans v. Willis*, 212 Ga. App. 335, 337 (1) (a) (441 SE2d 770) (1994) (plaintiffs must establish that defendant's "conduct was wilful or wanton and intentionally directed to harm them"). Compare *Marcelli v. Teasley*, supra, 72 Ga. App. at 426 (1) (defendant verbally abused plaintiff to her face).

[17] 50 Ga. App. 667, 673 (179 SE 395) (1935).

*follows as a direct consequence physical or mental impairment.* (Cits.) In either of such events the fright or mental suffering can itself be considered, together with the accompanying physical injury or resulting physical impairment, as an element of damage. [Cits.]"[18] The italicized language, which stems originally from dicta in *Williamson v. Central of Ga. R. Co.*,[19] would indicate that in a negligence action without impact, emotional distress is recoverable if it resulted in a foreseeable physical or mental impairment. Although this language has often been quoted,[20] it appears that only *Pinkerton Nat. Detective Agency v. Stevens*[21] in 1963 has relied on it as the sole basis for a cause of action. *Pinkerton* emphasized that the defendant's overbearing surveillance of the plaintiff had resulted in a "permanent mental impairment having physical manifestations and necessitating medical care, treatment by electric shock therapy and psychiatric aid." *Pinkerton* distinguished "mere fright, shock and hurt feelings."[22]

More recent cases have noticeably failed to refer to this second exception, and have stated unequivocally that a "claim for emotional distress inflicted by negligent conduct is allowed only where there is some physical injury to the claimant. [Cits.]"[23] Other cases have focused on OCGA § 51-12-6 as the exclusive basis for claims to recover for mental or emotional distress where there is no physical injury, and have emphasized that this statute, as judicially construed, requires a showing the conduct was "malicious, wilful, or wanton."[24] Quoting from *Westview Cemetery*,[25] *OB-GYN Assoc.* itself referred to OCGA § 51-12-6 as requiring a showing of intentional misconduct where the mental pain and suffering is not accompanied

---

[18] (Emphasis supplied.) 259 Ga. at 665.

[19] 127 Ga. 125, 131 (3) (56 SE 119) (1906).

[20] See, e.g., *OB-GYN Assoc.*, supra, 259 Ga. at 665 (no cause of action); *Pinkerton Nat. Detective Agency v. Stevens*, 108 Ga. App. 159, 166 (2) (b) (132 SE2d 119) (1963); *Marcelli*, supra, 72 Ga. App. at 425 (1) (defendant acted maliciously); *Candler*, supra, 50 Ga. App. at 673 (plaintiff was caused to fall); *Cooper v. Meaders*, 47 Ga. App. 89, 90 (2) (b) (169 SE 685) (1945) (dicta); *Pettett v. Thompson*, 33 Ga. App. 240 (1) (125 SE 779) (1924) (no cause of action); *Hines v. Evans*, 25 Ga. App. 829, 833-834 (2) (105 SE 59) (1920) (plaintiff was thrown about).

[21] 108 Ga. App. at 165-167 (2) (b).

[22] Id. at 166-167.

[23] *Wellborn v. DeKalb County School Dist.*, supra, 227 Ga. App. at 378 (3); see *Ryckeley*, supra, 261 Ga. at 828; *Sanders*, supra, 178 Ga. App. at 450; *Howard v. Bloodworth*, 137 Ga. App. 478, 479 (224 SE2d 122) (1976).

[24] *Westview Cemetery*, supra, 234 Ga. at 544-545 (B); *Carroll v. Rock*, 220 Ga. App. 260, 261 (1) (469 SE2d 391) (1996); *Waldrip v. Voyles*, 201 Ga. App. 592, 595 (2) (a) (411 SE2d 765) (1991); *Deutz-Allis Credit Corp.*, supra, 193 Ga. App. at 80-81; *Brunswick Gas &c. Co.*, 179 Ga. App. 495, 496-499 (3) (347 SE2d 240) (1986); see generally *Stepperson, Inc. v. Long*, 256 Ga. 838, 840-843 (2) (353 SE2d 461) (1987).

[25] 234 Ga. at 544.

by physical injury or pecuniary loss.[26] Finally, other cases have held that this second exception only applies when there is a showing the defendant knew with reasonable certainty that his conduct would result in mental or physical impairment.[27] Essentially, such a showing must demonstrate the defendant acted with "gross carelessness, . . . as amounted to wilful and reckless disregard of consequences,"[28] which ends up being nothing more than a rewording of the first exception that requires a showing of "malicious, wilful, or wanton" misconduct.[29]

Based on the above analysis, the original dicta from *Williamson* indicating a second exception to the impact rule has now been construed to require a showing of wilful and wanton misconduct, or has simply been abrogated. Thus, the Supreme Court's most recent elucidation of the impact rule in *Ryckeley*, which does not refer to any exception beyond a showing of malicious, wilful, or wanton misconduct, is controlling.[30]

The court did not err in granting summary judgment against the children.

*Judgments affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 24, 1998.

*Anthony Thomasson*, for appellants.
*Thomas E. McCarter*, for appellees.

---

[26] 259 Ga. at 666.

[27] *Stanoiu v. Reyes*, 198 Ga. App. 692, 693 (1) (402 SE2d 526) (1991); *Towler v. Jackson*, 111 Ga. App. 8, 9 (140 SE2d 295) (1965); *Goddard v. Watters*, 14 Ga. App. 722 (2) (82 SE 304) (1914).

[28] *Goddard*, supra.

[29] *OB-GYN Assoc.*, 259 Ga. at 666; see *Hamilton v. Powell, Goldstein &c.*, supra, 252 Ga. 150 ("reckless and wanton disregard of consequences may evince an intention to inflict injury"); *Ford v. Whipple*, supra, 225 Ga. App. at 278 ("[d]isregard of general consequences is a part of wanton behavior but . . . the wantonness must be directed to the plaintiff"); *Velez v. Bethune*, 219 Ga. App. 679, 680 (1) (466 SE2d 627) (1995) (reckless disregard of consequences is equivalent to an intentional tort).

[30] 261 Ga. at 828; see also *Powers v. Latimer*, 215 Ga. App. 245, 248 (4) (450 SE2d 295) (1994) ("[w]here . . . a claim alleges negligent infliction of emotional harm, recovery is allowed only where there has been some impact on the plaintiff that results in a physical injury").